### STEWART *vs.* W. T. CUYLER and G. M. CUYLER.

A bond, after reciting that the obligee had loaned to W. T. C., one of the ob-
ligors, the sum of $1230, and that in case there should be any of said money
left, at the time of her death, she intended to give the same to the two
children of W. T. C., was conditioned that W. T. C. should pay to the obligee
the interest quarterly during her life, and $100 of the principal whenever
she should wish to go a journey, &c., upon ten days' notice in writing; and
that he should from time to time pay to her such other portion of the prin-
cipal as the obligee should need, and require to be paid for her support and
maintenance. And in case any dispute should arise between the parties as
to the amount so to be paid, that W. T. C. would pay such portion or por-
tions of the principal as the county judge should from time to time adjudge
and determine that he ought to pay to the obligee for her support, &c. The
parties disagreed as to what amount the obligee needed for her support and
maintenance, and the question was referred to the county judge in pursu-
ance of the provision to that effect in the bond. After the parties had ap-
peared before the county judge, and the matter had been adjourned, the
obligee requested the judge to decline acting, who, at her request and by
her procurement, did decline making any decision. *Held,* that the provision
in the bond, for the reference of the question to the county judge, was valid,
and capable of being enforced. And that the obligee having prevented a
decision by the county judge, or procured him to decline making any, she
was not entitled to recover any portion of the principal, in an action upon
the bond.

THIS action was brought to recover a portion of the amount
secured by a bond dated October 14, 1849, executed by the de-
fendants to the plaintiff, in the penalty of $2490, with a condition
as follows:

"Whereas the said Nancy Stewart has loaned to the said
William T. Cuyler the sum of twelve hundred and thirty dollars,
being nearly all she is worth, and which is her principal depend-
ence for a comfortable support and maintenance during her life-
time; but in case there should be any of said money left at the
time of her death, she intends to give the same to her two grand-
children, Nancy B. Cuyler and Catherine N. Cuyler, who are
the children of the said William T. Cuyler and of Nancy his
late wife, (who is now deceased, and who was the daughter of
the said Nancy Stewart,) or the survivor of them in case either
of them should be dead at the time of the decease of the said
obligee without leaving issue; and in case either or both of the

said grandchildren should die before the time of the decease of the said obligee, leaving children, then to the child or children of such deceased grandchild the same share, of the said money so remaining, as the parent of such child or children would have received, had she been living.

Now the condition of this obligation is such, that if the said William T. Cuyler, his heirs, executors or administrators, shall pay to the said Nancy Stewart, quarterly, or once in every three months, during the time of her natural life, the lawful interest on the said sum of twelve hundred and thirty dollars, commencing at the date hereof, or on so much of the principal sum as hereafter from time to time remains unpaid, and shall pay the sum of one hundred dollars of the said principal sum at any time hereafter, after ten days' notice in writing to pay the same, in case the said Nancy shall wish to go a journey, or shall require the same to be paid for such purpose ; and shall also, at any and at all times hereafter pay to the said Nancy such other portion of the said principal sum hereby received, as the said Nancy may need and shall require to be paid for her comfortable support and main-tenance ; and in case any dispute shall arise between the parties as to the amount which ought to be paid to the said Nancy for her necessary and comfortable support and maintenance, if the said William T. Cuyler shall in each and every such case pay to the said Nancy all such portion or portions of the said principal as the county judge for the time being shall from time to time adjudge, determine or decide that the said William T. Cuyler ought to pay to the said Nancy for the purpose last aforesaid; and if at the time of the decease of the said Nancy, or within three months thereafter, the said William T. Cuyler shall pay to the executors or administrators of the said Nancy all such remaining balance of the said sum of twelve hundred and thirty dollars with the interest thereon as then shall remain unpaid, for the purpose of paying in the first place all the just debts and funeral expenses of the said Nancy, and of paying or securing to be paid all such balance of the said sum as shall then remain, to the said grandchildren of the said Nancy herein above mentioned, if then living, or to the child or children of such of them as shall

then be dead, leaving children as herein above mentioned, or as may be fully and particularly directed, or ordered and appointed, in and by the last will and testament of the said Nancy : and in case both of the said grandchildren shall die before the said Nancy Stewart, without leaving children, if the said William T. Cuyler shall then pay all of the remaining balance of the said sum of twelve hundred and thirty dollars, with the interest due thereon, to the executor or administrator of the said Nancy Stewart, to be by them disposed of according to law, or as the said Nancy shall, in and by her last will and testament, in such case, order, direct or appoint ; then this obligation to be void, oth·erwise to remain in full force and effect."

The complaint set forth the substance of the bond, and alleged, among other things, the non-payment of the interest due on the money secured by it. Also that the plaintiff required the sum of $200 of the principal, for her comfortable support and maintenance, and made application to the defendant William T. Cuyler for the same, which he refused to pay ; that after such refusal she made application to the county judge of Livingston county, upon a written notice of more than ten days to the defendant W. T. Cuyler of the time and place said application would be made, to adjudge, determine and decide the amount which said defendant should pay for the purpose aforesaid ; and that the county judge declined and refused to make such decision, &c.

The answer of the defendants denied each and every allegation of the complaint. The action was tried at the Livingston circuit in October, 1852, by the court, without a jury. After the bond had been read in evidence the counsel for the plaintiff gave evidence tending to prove, that at the time of the commencement of this action, Scott Lord was, and for several years prior thereto had been county judge of Livingston county ; that pursuant to the provisions of the said bond, the said county judge had been requested to adjudge, determine or decide the dispute which had arisen between the parties to said bond, as to the amount which ought to be paid by the said defendant to the said plaintiff, for her necessary and comfortable support and maintenance; that the said county judge declined to make any decision thereon, and

Stewart *v.* Cuyler.

read to the justice holding the circuit the refusal of the said county judge, in the following words, to wit : " I decline to make any adjudication, determination or decision upon the question by the within bond submitted or referred or to be submitted or referred to the county judge of the county of Livingston.

    Oct. 19, 1852.              Scott Lord, Liv. Co. Judge."

That prior to the commencement of this action the plaintiff demanded of the defendants that they should pay to her the sum of $100 for her support and maintenance, and rested.  The defendants' counsel then offered to prove that the plaintiff had other means of support than the moneys secured by the bond in question, and that she did not need or require any portion of the principal sum secured by the said bond for her comfortable support and maintenance : which offer was overruled by the said justice.  To this decision the defendants by their counsel excepted.  The counsel for the defendants then gave evidence which tended to prove that the parties to said bond had submitted to the county judge the dispute which had arisen, as to the amount which should be paid to the plaintiff for her comfortable support and maintenance ; that he stated his opinion on a question of law, which would govern him in the admission of testimony and in coming to a decision on the question submitted, in which opinion the counsel who appeared for the plaintiff did not concur.  That the matter was then, at the request of the parties, adjourned to a future day ; that afterwards, and before the time of hearing arrived, the plaintiff went to the said judge and requested him to decline acting in the premises ; that the said judge, at the request and by the procurement of the plaintiff, declined to make any decision or determination in the premises ; that he, the said judge, would have heard the allegations of the parties, and made a decision on the question of fact submitted, if the parties had agreed upon the law, and he had not been requested to decline and refused to do so by the plaintiff ; and rested.  To this evidence of the defendants the plaintiff's counsel objected in due time, on the ground that the answer being a general denial, the defendants could not prove such defense or fact under the issue.  The objection was overruled and the evidence received.  The counsel for the de.

fendants then requested the said justice to hold and decide that the plaintiff was only entitled to receive the interest which was due on said bond, at the time of the commencement of this action, because it was provided in and by said bond, that the county judge for the time being should adjudge, determine and decide as to the amount, which the defendants should pay the plaintiff for her comfortable support and maintenance ; that the said county judge had not adjudged, determined or decided what amount the defendants ought to pay ; that inasmuch as the plaintiff, by her own act and procurement, had prevented the county judge from hearing the matter in dispute and deciding the same, and induced him to decline so to do, she was estopped from setting up that fact to enable her to recover what she might have needed for her support and maintenance, in this action ; that the right of the parties and the liability of the defendants was the same precisely as if no application had been made to the county judge. The justice refused so to decide, and the defendants, by their counsel, excepted to the decision. The counsel for the defendants also requested the justice to hold and decide that the plaintiff could not recover any thing in this action on account of support and maintenance, because she had not proved how much she had needed and required for her support and maintenance since the bond was given up, to the time of the commencement of this suit. The court refused so to hold and decide, to which decision the defendants excepted. The justice held and decided that the plaintiff was entitled to recover, and the defendants were liable to pay on said bond, such sum as the plaintiff should from time to time and at any time demand of the defendants. To which holding and decision the defendants excepted. That inasmuch as the plaintiff was the sole judge as to what amount she might need, and should require for her comfortable support and maintenance, there could be no dispute about it, and consequently there was nothing to be submitted to the county judge for his decision. To which holding and decision the defendants excepted. That as it appeared that the plaintiff, before the commencement of this action, had demanded of the defendants the sum of $100, to be applied towards her support and

Stewart *v.* Cuyler.

maintenance, that amount was therefore due, besides interest. To which holding and decision the defendants excepted. The said justice then directed judgment to be entered for the penalty of the bond, with costs, and assessed the damages at $145, being the interest due on the said bond and the $100 demanded, which was all that the plaintiff claimed in this action. From this judgment the defendants appealed.

*James Wood, Jr.,* for the appellants.

*R. P. Wisner,* for the defendant.

*By the Court,* WELLES, J. The judge at the circuit decided correctly in overruling the offer of the defendants to prove that the plaintiff had other means of support than the money secured by the bond. If she had other means, she was not bound to resort to them. As I understand the bill of exceptions, the offer was to show that she did not require any portion of the principal, for the reason that she had such other means of support. The whole offer was therefore properly overruled.

It seems to me, however, that the judge was in error in holding that the plaintiff was at liberty to demand any portion of the principal of this loan which she chose, and whenever and as often as often as she pleased. Such construction would be contrary to the spirit of the provisions of the bond. The plaintiff and the defendant William T. Cuyler, the borrower, it seems, had disagreed as to what amount she needed, and the question had been referred to the county judge in pursuance of a provision to that effect in the bond; and after the parties had appeared before him, and the matter had been adjourned to a future day, the plaintiff requested the judge to decline acting, who, at the request and by the procurement of the plaintiff, did decline making any decision.

The justice at the circuit, in effect, decided that the provision of the bond for referring to the county judge the question how

Stewart *v.* Cuyler.

much the plaintiff needed of the principal, for her support, was a nullity, and that the defendants were liable to pay such sums as the plaintiff should from time to time, and at any time, demand; and that she was sole judge as to what amount she might need, &c. I am not able to perceive why the provision in the bond for the reference of this question was not valid and should not be enforced. The defendants had agreed that interest upon the whole of the principal unpaid should be paid quarterly, with an understanding, which is expressed in the bond, that so much of the principal as should remain unpaid at the plaintiff's death should belong to her two grandchildren, who were the children of the defendant William T. Cuyler. Evidently a long loan was contemplated by the borrower, and he might have been unwilling to take it and be liable to repay it according to the arbitrary demand of the plaintiff; and the provision in question was doubtless inserted to guard against such a contingency. It was, in my opinion, not unreasonable, and effect should be given to it.

If the plaintiff prevented a decision by the county judge, or procured him to decline making any, she is not entitled to recover any portion of the principal of the loan, in the present action.

If I am right in these views, the judgment should be reversed, and a new trial ordered, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, March 6, 1854. *Welles, Johnson* and *T. R. Strong*, Justices.]