(117 App. Div. 310)

## In re EDIE.

## In re McCLELAND'S WILL.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

1. WILLS—CONSTRUCTION—ABSOLUTE ESTATE IN PERSONAL PROPERTY—SEPARATE PARTS OF WILL.

Testator by his will gave to his niece the use of $2,000 for her life, and by the same clause he gave her a right to it absolutely if at any time she should have a child who should arrive at the age of ten years. If the niece died before any child of hers was ten years old, then the money was to go to such child or children; but, if she died without children, then to the American Baptist Missionary Union. By another clause of the will the testator gave the residue of his property to the American Baptist Home Mission Society. In a codicil, after describing his gift to his niece, he gave her "the use of $2,000 more, making $4,000, for and during her natural life; at her death the principal to go as given and directed in my said will." *Held*, that it was not the testator's intention that the $2,000 mentioned in the codicil should go, at the death of the niece, to the Home Mission Society under the residuary clause, and hence, on a child of the niece becoming ten years old, the niece, then living, was entitled to the bequest of $4,000 absolutely.

[Ed. Note.—For cases in point, see Cent. Dig. .vol. 49, Wills, § 997.]

2. SAME—CONSTRUCTION IN FAVOR OF PARTICULAR PERSONS NEXT OF KIN.

Where a will is capable of two interpretations, that one should be adopted which prefers those of the blood of the testator to strangers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 968–971.]

Appeal from Surrogate's Court, Washington County. . .

Final accounting of Judson Edie as sole executor of the last will and testament of John McCleland, deceased. From an allowance by the surrogate of a legacy to Jennie King Hicks of $4,000, and from an allowance of counsel fees, the American Baptist Home Mission Society and the American Baptist Missionary Union appeal. Decree affirmed.

Upon the accounting in this matter the American Baptist Home Mission Society contested the accounts of the executor and objected to two items thereon ; one showing a payment of a legacy to Jennie King Hicks of $4,000, and one showing a payment for counsel and legal services of $750. Both of these items, as well as an item of $250 for legal services on the accounting, which is also objected to, were allowed by the surrogate, and this appeal has resulted.

The accounting involved the construction of the will and codicil of the testator, John McCleland, who died in 1887. His will was dated November 29, 1884, and his codicil July 28, 1887. The ninth and sixteenth paragraphs of the will are as follows :

(9) "I give and bequeath to my niece, Jennie King, of Mentor, in the state of Ohio, the use of the sum of two thousand dollars, for and during her natural life. If at any time she should have a child who should arrive at the age of ten years, then I give and bequeath the said two thousand dollars to the said Jennie King absolutely. If she dies before any such child arrives at the age of ten years, then I give the same to her child or children under ten years of age, if she then shall have any. And if she dies without child or children, then the said legacy is to go to the American Baptist Missionary Union, to be paid to any officer of said institution who has the proper authority to receive the same, and his receipt shall be a sufficient discharge for my executors therefor."

(16) "All the rest, residue and remainder of my property, of every name and nature, I give, bequeath and devise to the American Baptist Home Missionary Society, formed in New York in the year 1838, to be paid to any officer of said society duly authorized to receive the same, whose receipt shall be a sufficient discharge for my executors therefor."

The seventh paragraph of the codicil is as follows :

"Seventh. Whereas, in my said will I have given to my niece, Jennie King, of Mentor, Ohio, the use of two thousand dollars for and during her natural life: Now in my codicil I give and bequeath to her the use of two thousand dollars more, making four thousand dollars, for and during her natural life; at her death the principal to go as given and directed in my said will."

Argued before SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

D. W. Perkins, for appellants.

F. H. Mason, for respondent.

CHESTER, J. The learned surrogate was of the opinion that the testator intended to give Jennie King, now Jennie King Hicks, the life use of $4,000, instead of $2,000, and that, in the event of her having a child who should arrive at the age of ten years, such $4,000 should be hers absolutely, and that the purpose of the testator, evidenced by the seventh clause of the codicil, was to add $2,000 to the $2,000 bequeathed by the ninth clause of the will, upon the same terms mentioned in that clause. In this we think he was clearly right. In the seventh clause of the codicil, after describing somewhat inaccurately what his gift to Jennie King in the ninth clause of his will was, the testator says:

"I give and bequeath to her the use of two thousand dollars more, making four thousand dollars."

This clearly shows that he intended by the codicil simply to change the word "two" to "four" in the ninth clause. It is true that he says in the codicil:

"At her death the principal to go as given and directed in my said will."

The appellants urge that by this he intended that the $2,000 should at her death fall into the residue and go to the American Baptist Home Mission Society under the sixteenth clause of the will. We cannot agree to this, and think, instead, that he intended it should "go as given and directed" in the ninth clause, which it was the purpose of this item of the codicil to modify. In such ninth clause he had given the amount there bequeathed to Jennie King; if she died before any child of hers arrived at the age of ten years, to such child or children; and if she died without children, then to the American Baptist Missionary Union. But by the same clause he gave her the right to it absolutely if at any time she should have a child who should arrive at the age of ten years. The words "at her death," in the codicil, when related to the provisions of the ninth clause of the will, may fairly be construed to mean at her death before any child of hers arrived at the age of ten years, or at her death without children. It cannot be that the testator intended by this codicil to discriminate against the children of Jennie King, and to provide that moneys, the use of which had been given to their mother for life, should, if she lived until they had passed the age of ten years, be given to a stranger to her blood, when he had shown such solicitude to protect her children in the very clause of the will which he was modifying by the codicil.

Even though the contention of the appellants with respect to the construction of this will is equally as probable as the construction we chose to give it, nevertheless we are required to construe it as we do under the well-settled rule that, where a will is capable of two interpretations, the one should be adopted which prefers those of the blood of the testator to strangers. Wood v. Mitcham, 92 N. Y. 375, 379, and cases there cited. Neither of the contingencies mentioned in the ninth clause of the will having happened, and Mrs. Hicks having a child who has arrived at the age of ten years, she became entitled to the bequest of $4,000 absolutely, and the executor therefore properly paid it to her.

The item of $750 allowed for counsel fees and legal services paid by the executor to his attorney was proper. The portion of the charge for collecting a considerable sum from the co-executor was not alone to save the accounting executor from loss, but was for the benefit of the estate as well. Nor is there any evidence in the case disputing that given as to the value of all the services covered by this item.

The allowance of $250 to the attorney for services on the accounting was for services about which the surrogate must have had personal knowledge, not only as to the time spent, but as to the value of the services rendered, as they were rendered before him. He has certified in the decree the amount there allowed for such services "to be fair compensation therefor," and we see no reason for disturbing his conclusion with respect thereto.

The decree should be affirmed, with costs. All concur.