In the Matter of the Judicial Settlement of the Accounts of BERT R. WILSON and LUCY E. WILSON, as Trustees under the Last Will and Testament and the Codicil Thereto of the Late ALBINA CHASE, Deceased, Respondents.

BURTON M. CHASE and Others, Appellants.

Fourth Department, May 24, 1922.

Wills — construction — trust for benefit of daughter until marriage or death — income to cease on marriage of daughter who was then to share with other children in estate — later paragraph provides for division of trust fund after death of daughter among named grandchildren — no provision as to income in event of marriage of daughter — trust fund did not become part of residuary estate on marriage of daughter — income thereafter payable to grandchildren — on death of daughter trust fund to be divided among grandchildren or survivors.

A testatrix after bequeathing household furniture to an unmarried daughter, provided a trust fund " for her said use and benefit as a separate fund until she,  *   *   *   may either marry or die.  In the event of her marriage said income is to forthwith cease and end and she shall participate in the distribution of the estate moneys after the death of my said husband in the same manner as the other children, that is equally in respect to what remains of my estate after the separate bequest to my son."   She then directed the payment of a certain sum to her son and in the same paragraph directed that the remainder of the estate be divided among her six children equally.   In the next paragraph of the will it was provided that after the death of the daughter the fund left in trust for her use and benefit should be divided equally among four grandchildren named " except as otherwise provided herein."   The daughter married before the setting apart and investment of the trust fund.

*Held*, that on the marriage of the daughter the principal of the trust fund did not become a part of the residuary estate to be divided equally among the children;

That, since there was no provision in the will disposing of the income of the trust fund in the event of the marriage of the daughter, said income is payable during the time the ownership is suspended to the grandchildren as the persons presumptively entitled to the next eventual estate, and that upon the death of the daughter the corpus of the fund should be divided among the grandchildren or their survivors.

CLARK and SEARS, JJ., dissent, with opinion.

APPEAL by Burton M. Chase and others from a decree of the Surrogate's Court of Niagara county, entered in the office of said Surrogate's Court on the 25th day of November, 1919, in so far as it construes the last will and testament of Albina Chase, deceased, and makes distribution of the estate among the legatees.

*Otto W. Illoff,* for the appellants.

*William E. Lockner,* for the respondents.

DAVIS, J.:

The will of Albina Chase, who died May 7, 1909, made provision during the life of her husband, William H. Chase, for his support, and for that of her unmarried daughter, Ella M. Chase, to whom was also bequeathed the household furniture and effects. William H. Chase died March 16, 1919.

By the 4th paragraph of the will the executors, acting as trustees, were required within three years after the death of her husband to set apart and keep " safely invested in a separate fund " $1,000, the annual income to be paid to Ella M. Chase " for her said use and benefit as a separate fund until she, said Ella M. Chase, may either marry or die. In the event of her marriage said income is to forthwith cease and end and she shall participate in the distribution of the estate moneys after the death of my said husband in the same manner as the other children, that is equally in respect to what remains of my estate after the separate bequest to my son, Everett W. Chase, hereinafter provided for, shall have been carved out.

"After the said $1,000 shall have been taken out for the benefit as aforesaid of my said daughter Ella, then I direct the payment to my son, Everett W. Chase, of the sum of $300. *   *   * "

In the same paragraph it was directed that the remainder of the estate be divided among her six children equally.

By paragraph 5 it was provided that after the death of the daughter Ella, the said $1,000 left in trust for her use and benefit should be divided equally among four grandchildren named " except as otherwise provided herein, and except that it shall go and pass to their survivors if any of said grandchildren shall die, before the said division shall take place, or before the death of said Ella M. Chase."

On March 8, 1910, Ella M. Chase married. The question presented is, did the $1,000 provided as a separate fund for her maintenance as a spinster fall into the estate for division between her brothers and sisters and herself, and the bequest to the grandchildren thereby fail, or was the sum excluded from the remainder and vested in the grandchildren subject to be divested as to the share of one whose death occurred before that of Ella M. Chase?

It is a question of judgment in ascertaining the intent in the mind of the testatrix. Authorities are of little assistance. It is a question of interpreting the particular language used in the will, which is redundant and somewhat obscure.

I reach a different conclusion from that of the learned surrogate who holds that the intention of the testatrix was " in the event of the marriage of her daughter, Ella, the trust for her benefit for life ended and the principal thereof became part of the testatrix's residuary estate and that the grandchildren only took the principal upon the death of Ella unmarried." I incline to the view that the household furniture, the $1,000 provided as " a separate fund " for Ella's support, and the gift of $300 to Everett were excluded in the mind of the testatrix from the residuary estate to be divided equally among her children. (*Roseboom* v. *Roseboom*, 81 N. Y. 356.) She evidently had an affection for her grandchildren and desired to make them a small bequest. This she definitely expressed in the 5th paragraph. There would be manifest reason for postponing its enjoyment on their part until the death of their unmarried aunt who received the income from this fund; but I can see no reason why the testatrix should absolutely deprive her grandchildren of this bequest and give it to those already provided for, in the event their aunt elected to marry.

The residuary estate was fixed by an exclusion of three legacies and bequests heretofore mentioned, and provision was made in the will for its division among the children of the testatrix. In the event of the marriage of Ella the *income* was to cease and she was to participate equally with the others in the estate, with the exception of Everett. When the income ceased, she did participate equally. Nowhere does the will direct that the moneys twice mentioned as " a separate fund " shall be cast into the residuary estate.

There was no provision in the will disposing of the income of the $1,000 separate fund in the event Ella married, so this income is payable during the time the ownership is suspended to the grandchildren as the " persons presumptively entitled to the next eventual estate." (Real Prop. Law, § 63, as amd. by Laws of 1916, chap. 364; Pers. Prop. Law, § 11; *St. John* v. *Andrews Institute*, 191 N. Y. 254.) Upon the death of Ella M. Chase, the corpus of the fund should be divided among the grandchildren or their survivors.

The part of the decree distributing the estate appealed from should be reversed, with costs payable out of the estate, and said decree modified by adjudging that the executors retain $1,000 and the accumulations thereon since the death of William H. Chase on March 18, 1919, and distribute said accumulations and income

equally among said grandchildren during the lifetime of Ella M. Chase, and upon her death to make division of the corpus of said fund among the grandchildren or their survivors.

All concur, except CLARK and SEARS, JJ., who dissent in an opinion by CLARK, J.

CLARK, J. (dissenting):

This litigation involves the construction of the 4th and 5th clauses of the will of Albina Chase, deceased. Mrs. Chase was a resident of Niagara county, and died May 7, 1909. She left a will and codicil which were admitted to probate in the Niagara County Surrogate's Court May 17, 1909. The codicil is not in controversy. The 4th clause of the will directs the executors and trustees to convert all the property, both real and personal, left by testatrix into cash within three years after the death of her husband, and the proceeds were to be disposed of as follows:

One thousand dollars thereof was to be invested in good interest-bearing securities, and the income derived therefrom was to be paid to a daughter, Ella M. Chase, until she should marry or die. In the event of her marriage, the income was to forthwith cease, and she was to participate in the distribution of the entire estate, after the husband's death, in the same manner as the other children of testatrix, but after a separate bequest of $300 to her son, Everett W. Chase, had been carved out of the estate.

Then followed the provision that $300 should be paid to her son, Everett, absolutely.

By the 5th clause it was provided as follows: " *Fifth.* After the death of my said daughter, Ella M. Chase, the said one thousand dollars left in trust to my trustees for her use and maintenance as hereinbefore provided, shall be divided equally, share and share alike, among my grandchildren, Burton M. Chase, Marie Chase, Anna Chase and Ruth Chase, to have and to hold unto themselves, absolutely and unconditionally forever, *except as otherwise provided herein.* \* \* \* "

Ella M. Chase married March 8, 1910, before the death of her father, and before the setting apart and investment of the $1,000 referred to in the 4th clause of the will, and she, therefore, received no part of the income from that $1,000. This daughter, Ella, is still living. The question here is, " What became of the $1,000 which was to have been set apart for the use of the daughter Ella, under the 4th clause of the will, when she married? " The surrogate has held that the grandchildren would only take the principal of the $1,000 fund, on the death of the daughter, Ella M. Chase,

MATTER OF CHASE.

unmarried, and that it was the intention of testatrix that if Ella married the $1,000 was to be a part of the residuary estate, to be distributed to testatrix's children, share and share alike, and not to the grandchildren.

With respect to the disposition of the $1,000 fund in controversy, the provisions of the 4th and 5th clauses of the will are in apparent conflict, but reading the will as a whole, and not isolated portions of it, I am of the opinion that it was the intention of testatrix to have this $1,000 go to the grandchildren only on the death of her daughter Ella, if she did not marry, and that if she did marry, then the principal of this $1,000 was to form part of the corpus of her estate to be distributed to her children, share and share alike. It was the primary purpose of testatrix to look out for her maiden daughter, Ella, until her death or marriage. She was quite particular to state in the 4th paragraph of her will that, in the event of Ella's marriage, the income which was to be paid to her was to cease and she was to participate in the distribution of the estate, after the death of testatrix's husband, in the same manner as her other children, after the separate bequest to her son Everett had been carved out.

If it was testatrix's intention that on the marriage of her daughter Ella the grandchildren were to have the principal of the $1,000 in question, she would have excepted that fund in language similar to that used when she excepted the three hundred dollar legacy to her son Everett. That language showed clearly that she intended to give him the $300 referred to, and it seems to me clear that if she had intended that the grandchildren should have the principal of the $1,000 in question if Ella married she would have used similar language with reference to that fund. This she did not do. This $1,000 was to be set apart, not as a gift to Ella, but as a fund, the income from which was to be paid to her until her death or marriage. If she died before her marriage, the grandchildren were to have the principal of this $1,000 as stated in the 5th clause of the will. If she married, the income on the $1,000 was to cease, and the principal, which by the 5th paragraph was not to go to the grandchildren until Ella's death, remained a part of the estate to be distributed to all of testatrix's children, share and share alike, after Everett's legacy had been carved out.

Appellants claim that, under the 5th clause of the will, the grandchildren took the $1,000, but that clause says it should go to them, "except as otherwise provided herein." It was otherwise provided in the 4th clause of the will. This $1,000 remained part of the estate, but was to be set apart by the trustees to be invested for the benefit of the daughter Ella until her death or marriage.

On Ella's marriage, this $1,000 still remained part of the corpus of the estate, and Ella was to share in the entire estate (including this $1,000) with the other children, but after Everett's absolute legacy of $300 had been carved out.

The words of the 4th clause of the will seem to me to be clear, and the intention of the testatrix there expressed was to leave the $1,000 in the estate to be distributed to all the children on Ella's marriage and after the death of testatrix's husband, and that cannot be cut down by the language used in the 5th clause, which, in so many words, says that the grandchildren would take the $1,000 on Ella's death, "except as otherwise provided herein." It was otherwise provided in the 4th clause, and the grandchildren do not take. (40 Cyc. 1415; *Thomson* v. *Hill*, 87 Hun, 111.)

Where a will is capable of two interpretations the one should be adopted which prefers those nearest the testatrix. (*Matter of Edie*, 117 App. Div. 310.)

It is my conclusion that it was the intention of the testatrix that the trust for Ella's benefit should end with her marriage, and that the principal remained part of the corpus of testatrix's estate to be distributed among the children of the testatrix, including Ella, share and share alike, and that the grandchildren would take the principal of this $1,000 fund only on the death of the daughter Ella, unmarried. That event never having occurred, but she having married, and being still living, the grandchildren take no part of this fund.

The decree of the Surrogate's Court should be affirmed, but, under the circumstances, without costs against the appellants.

SEARS, J., concurs.

Decree so far as appealed from reversed, with costs to appellants payable out of the estate, and decree modified in accordance with the opinion.