Louis J. Rezzemini, as Committee, etc., of John M. W. Durant, an Incompetent Person, Plaintiff, v. Roelif H. Brooks, as Executor, etc., of the Will of Eliza W. Durant, Deceased, and John Brooks and Emily F. Brooks, Defendants.

Supreme Court, Albany Trial Term, June, 1922.

Wills — trusts — when principal must be used for support of beneficiary although income from trust estate added to income from his separate property is sufficient for his support.

About a year prior to the death of testatrix, then nearly eighty years of age, her son, who was an imbecile and paralytic and about forty-four years of age, was adjudged an incompetent and a committee of his person and property was appointed. About three months before testatrix died, she made a will by which all of her property was given to her executor in trust, with direction to pay the income therefrom to said son during life and at his death " to pay the principal of my estate or so much thereof as may then remain " to the minor children of the executor, who were strangers to the blood. The will further provided that " If the income from my estate shall be insufficient for the proper support of my said son, then and in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose." Held, that in an action by the committee against the executor and the remaindermen the plaintiff was entitled to judgment directing the executor to pay over to him out of the principal of the estate an amount equal to the difference between the cost of the support of the son since the death of his mother and the income received from her estate during that period, although such income and that received by the son from his separate property was more than sufficient for his proper support.

Suit to compel trustee to pay over moneys.

Louis J. Rezzemini, for plaintiff.

*Visscher, Whalen, Loucks & Murphy,* for defendant Roelif H. Brooks, as trustee.

*Russell M. Johnston,* guardian *ad litem* for John Brooks and Emily F. Brooks.

STALEY, J.   Eliza W. Durant died in the city of Albany on the 19th day of August, 1918.   She left her surviving John M. W. Durant her only son and heir at law.   Her last will and testament was dated May 8, 1918, and admitted to probate by the surrogate of Albany county September 24, 1918.   At the time of the execution of the will in question the testatrix was between seventy and eighty years of age.

Her son was an absolute imbecile and paralytic of about forty-four years of age.   About one year prior to the death of his mother and previous to the making of her will, John M. W. Durant had been adjudged mentally incompetent and a committee of his person and estate appointed.

The testatrix, by her will, gave all of her property in trust to her executor to pay the income arising from her estate to her son during the term of his life and upon his death " To pay the principal of my estate, or so much thereof as may then remain," to the infant defendants.

Her will by a subsequent clause provided: " If the income from my estate shall be insufficient for the proper support of my said son, then and in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose."

The plaintiff herein seeks a judgment directing the defendant trustee to pay over to him out of the principal of the estate an amount equal to the difference between the cost of the support of the son of the testatrix since her death and the income received during that period from her estate.

No question is raised as to the amount expended by the committee during that period being necessary for the proper support of the incompetent.   It is also established by the facts in the case that the income which the incompetent received during that period from his separate property, a trust estate of his father's, and from the estate of his mother was more than sufficient to defray the cost of his proper support.

The only question here is whether the incompetent is entitled to receive under the will of his mother the entire cost of h's proper support payable from the principal of her estate, if the income thereof is insufficient, independent of his other resources or the income therefrom.   Did the testatrix by her will intend that her

son be supported out of her estate, income and principal, or was it her intention that the application of the principal of her estate to that purpose should be authorized only as his absolute necessity for proper support required?

The supreme test of construction is the intention of the testatrix. It is a trite saying that no will has a brother. Each will must be read and construed with reference to its peculiar provisions, and to the circumstances attendant upon its making. *Central Trust Co.* v. *Egleston*, 185 N. Y. 23, 29.

Recourse to the principal of this estate for the support of the life beneficiary, by the language of the will, is subject only to the test or condition of the insufficiency of income from this estate for proper support, and limited to such amount as may be necessary for that purpose. The obvious and clear intent of the testatrix is a direction to pay her son the income from her estate, and, if such income so paid shall be insufficient or inadequate for his proper support, then such support shall be provided by use of the principal, but such use is limited to such amount as may be required for that purpose. It is the insufficiency of the income from her estate and not the insufficiency of the income received by the son from other sources which authorizes and directs the expenditure of the principal fund for the support of her son.

The limiting or qualifying influence of the word " necessary " does not relate to the purpose but to the amount to be applied for the stated purpose, which is the proper support of the son.

While extrinsic evidence as to the surrounding circumstances and conditions of the testatrix and the subject of her bounty is properly considered to aid in the construction of her will, such evidence here creates no conflict with the plain support of the language of the will.

The testatrix was a widow living alone with her only child who was helpless and incompetent. She better than any one knew his need and her controlling desire and anxiety was to provide for him after she was gone. She declared that he was the only person on earth she had any interest in or cared anything about. The trusteeing of her property was a natural course because of the incompetency of her son and the provision for the remaindermen a legal necessity under such circumstances. It was her right to bequeath all her property to her only and unfortunate son and this is what she intended to do and did do except as she limited the amount to his needs for support. If he needed it all, he was to have it all. If a part was left after his earthly needs and comfort were provided for, it was to go to the infant remaindermen. The adoption of this form of bequest and the language employed

therefor in no way qualified or subordinated the purpose of her will which is instinct with the intent to have her property used for the benefit of her son, as that benefit might be measured by his needs, and to leave to the remaindermen what was left if anything.

It is well settled that of equally probable interpretations of a will that should be adopted which prefers those of the blood of the testatrix to strangers. *Wood* v. *Mitcham,* 92 N. Y. 375, 379; *New York Life Ins. & Trust Co.* v. *Viele,* 161 id. 11, 22; *Matter of Edie,* 117 App. Div. 310, 313; *Morgan* v. *Sanborn,* 225 N. Y. 454, 461; *Matter of Werlich,* 230 id. 516, 520.

In *Matter of Edie, supra* (p. 313), Chester, J., said: " Even though the contention of the appellants with respect to the construction of this will is equally as probable as the construction we choose to give it, nevertheless we are required to construe it as we do under the well-settled rule that where a will is capable of two interpretations the one should be adopted which prefers those of the blood of the testator to strangers."

Similar provisions in other wills have received judicial construction granting necessary support and maintenance from the principal of estates where the beneficiaries have other property or means of support. *Forman* v. *Whitney,* 2 Abb. Ct. App. Dec. 163, 166; *Holden* v. *Strong,* 116 N. Y. 471, 475; *Manning* v. *Sheehan,* 75 Misc. Rep. 374, 377; *Matter of Riley,* 4 id. 338, 341; *Stewart* v. *Cuyler,* 17 Barb. 482, 487.

In *Holden* v. *Strong, supra,* Haight, J., at page 475 said: " We fully agree with the trial court in its construction of the will, that the plaintiff is entitled to his support and maintenance according to his condition in life, even though he may be able to support himself by his own exertions. We do not understand that in order to receive the benefit of the provisions of the will it is necessary for him to remain idle and refrain from all personal exertion, neither does the fact that he is frugal and saving and has accumulated a fund which he has deposited in the bank deprive him of the right to the support provided for him."

No authority has been called to my attention where the right of a beneficiary to receive from the principal of a trust fund an amount necessary for his support and maintenance has been held to be less than the actual or reasonable cost of that support because of his possession of other property or other means of support, and his enjoyment of the principal held for that purpose regulated or restricted by his necessities established after the use of other property.

The defendant trustee in this case apparently accepted the

trust bestowed upon him by this testatrix against his will and only because she wished him to do so. The *cestui que trust* has suffered no discomfort, nor been deprived of any actual need or care. There is no basis here for the slightest inference or insinuation that the trustee has been actuated by any degree of selfish concern because his children have been named to receive the residue of this estate. He has been indifferent to their interest and desirous to perform his duty under the letter and intent of his trust. As an officer of the court, it was not only his right but his duty, in case of a doubt as to his proper course to receive the direction of the court in the premises.

Judgment may, therefore, be entered in favor of the plaintiff in accordance with the findings and conclusions of law made herewith.