In the Matter of the Estate of KATE J. JACKSON, Deceased.

Surrogate's Court, Livingston County, December 29, 1931.

*Edwards P. Ward*, for the petitioner.

*Harris, Beach, Folger, Bacon & Keating*, for James A. Jackson.

*Kenneth B. Keating*, special guardian for James Edward Jackson, an infant.

WHEELER, S. This proceeding for the judicial settlement of the accounts of Arthur J. Straub and Livingston County Trust Company, as administrator with the will annexed and as successor trustees of the last will and testament of Kate J. Jackson, deceased, involves the construction of the provisions of the will relative to the time of the termination of the trust therein created.

The will was dated January 6, 1919, and was probated in Surrogate's Court, Livingston county, March 1, 1921, and letters testamentary were issued to J. Arthur Jackson, therein named, who entered upon the discharge of his duties, and continued to act as such executor and trustee to the time of his death which occurred November 15, 1922.

The 3d paragraph of the will disposes of the residuum of the estate to the executor named, in trust, however, the income to be paid to decedent's grandson, James Arthur Jackson, Jr., until the principal of the trust be disposed of as in the will provided.

The 4th paragraph, which is under consideration, reads:

" 4th. I further will and direct my said executor and trustee to pay one third of the principal of said trust fund, comprising the entire residuum of my estate, to my said grandson, James Arthur Jackson, Jr., when my said grandson shall attain the age of thirty years; to pay one third of the same, or an amount equal to the first payment so directed to be made, to my said grandson when

he shall attain the age of thirty five years; and to pay the balance of the remaining one third of the principal of said trust fund with all gains and increase of capital thereof to my said grandson when he shall attain the age of forty years, such gifts to my said grandson to be absolute for his own use and benefit forever. I further expressly provide that the net income from whatever amount of the principal of such trust fund shall remain in the hands of my said executor and trustee shall continue to be paid to my said grandson semi-annually until the last installment of the principal of such fund shall be paid to him upon his attaining the age of forty years.

" I further direct and provide that in case the Rochester Trust and Safe Deposit Company of Rochester, New York, shall, by reason of any provisions herein, be executor or trustee of this, my will, when or at any time after, my said grandson shall attain the age of thirty years, then and in that event, that the trust herein created shall immediately terminate, and the entire property of my estate shall be promptly turned over to my said grandson to be his absolutely for his own use and benefit forever."

The testatrix in nominating the executor and trustee of her will employed the following language:

" Lastly. I name, constitute and appoint my son, J. Arthur Jackson, to be the sole executor of this my last will and testament, hereby revoking all former wills and codicils by me made, and I further direct that my said executor shall not be required to give any bond as such, in any event whatsoever.

" I further provide that in case of the death of my son, J. Arthur Jackson, prior to the probate of this, my will, or in case, for any reason, my said son shall fail to qualify as such executor, then and in that event, I name, constitute and appoint Rochester Trust and Safe Deposit Company of Rochester, New York, to be executor of, and trustee under, this my will.

" I further direct and provide that, in case of the death of my said son, J. Arthur Jackson, after the issuance of letters testamentary to him, and prior to the termination of the trust herein created, then and in that event I name, constitute and appoint the Rochester Trust and Safe Deposit Company of Rochester, New York, executor of and trustee under this, my will, to succeed my said son, J. Arthur Jackson."

The exact conditions contemplated by the testatrix as evidenced by the last paragraph, relative to the appointment of the Rochester Trust and Safe Deposit Company as successor executor and trustee, happened, viz., J. Arthur Jackson, after the issuance of letters to him and prior to the termination of the trust created, died

on November 15, 1922, and the time in the due administration of this estate for the qualification and appointment of the Rochester Trust and Safe Deposit Company occurred. The Rochester Trust and Safe Deposit Company, however, failed to qualify and formally renounced the right to such letters and the petitioners herein were duly appointed in the place of the successor trustee, contemplated by the will of decedent.

Under the foregoing circumstances, the petitioning administrators with the will annexed contend that the trust terminated when the beneficiary became, thirty years of age, the Rochester Trust and Safe Deposit Company having formally declined to act.

The special guardian for the infant, James Edward Jackson, and counsel for James A. Jackson, Jr., submits that the trust was not terminated by the failure of the Rochester Trust and Safe Deposit Company to act, and asks that the court should construe the will and direct the payment of one-third of the bequest to James A. Jackson when he attains the age of thirty years; one-third when he attains the age of thirty-five, and the remainder when he attains the age of forty years.

The son named as executor and trustee by the testatrix having died within the time contemplated by the will, and the grandson, James A. Jackson, Jr., being now over thirty years of age, and the Rochester Trust and Safe Deposit Company having declined to act, as provided in decedent's will, creates the sole question for the court, stated briefly as follows: Was the trust terminated by the death of the executor and the failure of the Rochester Trust and Safe Deposit Company to qualify and act as successor executor and trustee.

In construing wills the expressed intention of the testator always controls.

Intention is the will or wish of the decedent respecting the disposition of his estate, and it is the duty of the courts to see that the person receives the benefit contemplated by the decedent, through the language used.

The testator's intention is the primary guide governing the construction of wills. (*Matter of Bump*, 234 N. Y. 60; *Rezzemini* v. *Brooks*, 118 Misc. 791; *Matter of Trevor*, 119 id. 277; *Matter of Van Tassell*, Id. 478; *Matter of James*, 146 N. Y. 78; *Miller* v. *Gilbert*, 144 id. 68, 70; *Delaney* v. *Van Aulen*, 84 id. 16.)

The first step is to ascertain the intent of the testatrix and to effectuate it if it be lawful. (*Matter of Gallien*, 221 App. Div. 409.)

Precedents, however, have but slight value in the interpretation of wills, for the reason that wills are rarely similar in terms (*Robinson* v. *Martin*, 200 N. Y. 159, 164; *Greene* v. *Greene*, 125 id. 506, 512), and

decided cases may be readily distinguished on the ground of dissimilarity of purpose, the fortune, family or affections of the individual whose will is presented for construction. (*Kinkele* v. *Wilson*, 151 N. Y. 269, 277.) "No two wills are ever exactly alike." The circumstances which surround each testator always vary, and adjudications upon the construction of such wills have little weight, except so far as the general rules of construction may apply. So in construing wills authorities in point are not to be expected. Each will must be a guide to its own construction and must be decided according to its own particular facts and circumstances. (*Rathbone* v. *Dychman*, 3 Paige, 9, 26; *Bowditch* v. *Ayrault*, 138 N. Y. 222, 230; *Meeker* v. *Draffen*, 201 id. 205, 209; *Jacoby* v. *Jacoby*, 188 id. 124.)

The intention must be gathered from the language employed, the peculiar surrounding circumstances and the scheme disclosed (*Collister* v. *Fassitt*, 163 N. Y. 281, 286), keeping in mind that the testatrix's intention is to be discovered and carried into effect.

The intention of the testator is to be ascertained not by what occurred long after the execution of the will, but by what was apparently in his mind within her contemplation at the time of making the will. (*Matter of Hoffman*, 201 N. Y. 247, 255.)

The testatrix named her son as the first executor and trustee, thereby manifesting her complete confidence in his integrity, ability and capacity to manage and control the trust created by her, and for his son, and expressed in positive terms that it was her wish and will that he would continue the administration of the trust until the beneficiary, his son, had reached the age of forty years, ; which time she terminated the trust and directed her executor, ner son, to pay over the trust fund then remaining in his hands to the beneficiary absolutely. This mother reposed this confidence in her son.

Then she, provided in case of his death prior to the termination of the trust for the appointment of a successor trustee, in the following language: " I further direct and provide that, in case of the death of my said son, J. Arthur Jackson, after the issuance of letters to him; and prior to the termination of the trust herein created, then and in that event, I name, constitute and appoint the Rochester Trust and Safe Deposit Company of Rochester, New York, executor of and trustee under this my will, to succeed my said son, J. Arthur Jackson."

If the Rochester Trust and Safe Deposit Company had qualified and taken over the administration of the estate as successor executor and trustee as contemplated by the decedent at the time she made the will, and as so clearly expressed in her will, then James Arthur

Jackson, Jr., the grandson, when he reached the age of thirty years, would have become entitled absolutely to the entire trust fund.

She contemplated at the time of making her will that her son, with whom she had intrusted the estate until the beneficiary arrived at the age of forty years, might die, and she provided that, if her son should die, after the issuance of letters to him, and before the termination of the trust, for the appointment of the Rochester Trust and Safe Deposit Company as successor executor and trustee to succeed her son, but in that connection expressly provided in her will by appropriate language for the termination of the trust "In case the Rochester Trust and Safe Deposit Company shall by reason of any provisions herein be executor or trustee of this my will when or at any time after my said grandson shall attain the age of thirty years then and in that event the trust herein created shall immediately terminate and the entire property of my estate shall be promptly turned over to my said grandson, to be his absolutely for his own use and benefit forever."

It is clear to this court that it was the intention of the decedent to continue the trust for the maximum period of forty years, only if her son remained alive and continued to act as executor and trustee.

As her second choice she selected the Rochester Trust and Safe Deposit Company, in which she had confidence, and limited its period of action. It refused to act, and it cannot be urged with any force that some other executor and trustee selected by the court would have a greater period for the administration and control of the trust than one of her own selection. The language of the will does not bear out any such construction.

The expressed intention to terminate the trust when the beneficiary arrived at the age of thirty years, as in the will provided, cannot be thwarted because the Rochester Trust and Safe Deposit Company renounced the right to act.

I, therefore, decide that the testamentary trust created in the will terminated when the beneficiary, James Arthur Jackson, Jr., attained the age of thirty years; and that distribution should be decreed as at that time.

Submit decree accordingly.