[Sac. No. 449.　Department One.—December 23, 1898.]

WILLIAM GRIDLEY TOLAND, Respondent, v. HUGO H. TOLAND et al., Appellants.

Construction of.Will—Suspension of Power of Alienation.—Whenever there are persons in being by whom an absolute interest in possession in land devised by will can be conveyed, the power of alienation is not suspended by its terms; and a provision in a will for the sale of lands "as soon as the leases of rented lands are canceled," and for a distribution of the proceeds, does not suspend the power of alienation. The tenants could at any time cancel their leases by agreement with the executor, or unite with him in a conveyance of the fee and possession of the land.

Id.—Provision for Sale—Right not Postponed.—The direction to sell the land as soon as the leases were canceled designates a point of time after which the beneficiaries could enforce a sale, but does not postpone the right to make the sale until the expiration of the terms created by the leases; but it is equiva-

lent to a direction to sell the land whenever the leases are canceled.

ID.—INTERPRETATION OF WILL.—A will is to be interpreted so as to make it effective rather than void, and so as to prevent intestacy; and its words are to be taken in their ordinary and grammatical sense unless a clear intention to use them in another sense can be collected and ascertained from its terms.

ID.—DIRECTION TO COLLECT RENTS—CONTROL OF MINOR DETAILS—TRUST. A direction to a firm of lawyers to receive the rents, and commending to them "minor details," does not create an express trust in relation to land, but only makes them trustees of the money collected, and does not create any trust term suspending the power of alienation or affect the validity of the will.

ID.—VALIDITY OF BEQUESTS.—The validity or invalidity of particular bequests does not affect the will, if it is otherwise valid.

ID.—ACTION TO QUIET TITLE OF HEIR—DEFENSE OF WILL—STRIKING OUT DENIAL.—In an action by an heir to quiet title to land of a decedent as against the beneficiaries claiming under his will, where a demurrer to the defense under the will is improperly sustained, an order striking out a denial of plaintiff's title as sham is erroneous.

APPEAL from a judgment of the Superior Court of Solano County. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

W. B. Treadwell, and E. B. & George H. Mastick, for Hugo H. Toland et al., Appellants.

John B. Mhoon, and John M. Gregory, for Mary J. Earl et al., Appellants.

Wilson & Wilson, for Rector, Wardens, and Vestry of Grace Church, Appellant.

Delmas & Shortridge, and Shortridge, Beatty & Britain, for Respondent.

HARRISON, J.—The plaintiff brings this action against the defendants to quiet his title to the undivided half of certain land in the county of Solano, claiming the same by succession from Mary B. Toland, who died seised of said land November 14, 1895. In answer to the plaintiff's claim the defendants allege that Mrs. Toland made a testamentary disposition of the land, and that they are the beneficiaries under her said will, set-

ting forth in their answer a copy of the will. The plaintiff demurred to this answer, and, his demurrer having been sustained, judgment was entered in his favor, from which the defendants have appealed.

The will of Mrs. Toland is olographic, and is as follows: "Being in perfect health and of sound mind, I, Mary Bertha Toland, make, publish, and declare this to be my last will and testament. Should my death occur before the expiration of the leases of my landed estate, I desire the firm of E. B. Mastick, Esq., and his partners, to receive all rents. So soon as the leases of rented lands are canceled, I desire the land to be sold, highlands and tules, with all improvements, to the best advantage." She then gives directions for the disposition of her personal property and of the proceeds of said sale, in which are the following provisions: "The Toland vault at Laurel Hill Cemetery I wish to be provided with a sum for its care through future years. I will five hundred dollars to Grace Church for pew number twenty, to be kept for my son and members of my family." No one is named by her as executor of the will, but at its close she says: "To the firm of E. B. Mastick I commend all minor details."

It is contended by the plaintiff in support of his demurrer that by the terms of the will a trust for the management and disposition of the land is created for a definite period of time, and that thereby the power of alienation is suspended in contravention of the provisions of section 715 of the Civil Code, which provides that the absolute power of alienation cannot be suspended by any limitation or condition whatever for a longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition; with a single exception which is not presented here. It will be observed that this section only forbids a suspension of the *power* of alienation, and that a provision for the exercise of that power at a future time is not within its provisions, unless such exercise is itself suspended beyond the period therein limited. The provision of section 749 that the delivery of the grant, when the limitation, condition, or future interest is created by grant, and the death of the decedent when it is created by will, is to be deemed the time of the creation of the limitation, condition, or

interest, shows that the suspension must be by virtue of some provision in the instrument by which the limitation, condition, or estate is created, and that the power is not suspended by a mere direction in the instrument to make a sale or other alienation of the land after a designated period of time, unless under the provision of the instrument an alienation prior to that date is also forbidden. The statute does not prohibit all limitations of estates by which the power of alienation is suspended, but permits a suspension of such power, with the restriction that the suspension shall not continue beyond the period of lives in being at the creation of the limitation, and in section 716 defines this restriction as follows: "Such power of alienation is suspended when there are no persons in being by whom an absolute interest in possession can be conveyed." Consequently, whenever there are persons in being by whom an absolute interest in possession in the land can be conveyed, the power of alienation is not suspended.

In the will of Mrs. Toland there are no terms which forbid a sale or place the land beyond the power of those having interests therein to unite and convey an absolute interest in possession. The testatrix does not give such direction, and the language used by her is susceptible of a different construction, and it is one of the cardinal rules of interpreting an instrument to give it such construction as will make it effective rather than void. (Civ. Code, secs. 1645, 3541.) The words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can be ascertained (Civ. Code, sec. 1324), and of two modes of interpreting a will that is to be preferred which will prevent intestacy. (Civ. Code, sec. 1326; *Le Breton v. Cook,* 107 Cal. 410.) Her direction to sell the land "so soon as" the leases are canceled designates a point of time after which the beneficiaries might enforce a sale, but does not postpone the right to make the sale until the expiration of the terms created by those leases. It is equivalent to a direction to sell the land "whenever" the leases are "canceled." The word "canceled" is to be taken in its ordinary sense, and the use by her of that word instead of "expired" or "determined" justifies an inference that she had in her mind the possibility that the tenants might sur-

render the leases prior to the expiration of the term for which they were given. There was, therefore, no time after the death of the testatrix that an absolute interest in possession could not have been conveyed. The tenants could at any time by agreement with the executor cancel their leases, or unite with him in a conveyance, and give to the grantee the fee and possession of the land.

Neither can the plaintiff's contention that the will creates an express trust in contravention of section 857 of the Civil Code be maintained. It does not in terms create a trust for any purpose, nor does it give any estate in the land to be held in trust by any person until a sale should be made, or name any person who is to make such sale. That the testatrix had great confidence and trust in the firm of Mr. Mastick is evident from the terms of the will, but by "commending all minor details" to him she did not make him a trustee, or create an express trust in relation to the land, and her declaration that he should "receive" all rents has no greater effect than to make him a trustee of these rents. A trust in personal property may be created for any purpose for which a contract may lawfully be made (Civ. Code, sec. 2220), and the creation of a trust does not of itself suspend the power of alienation unless a trust term in the property is created within which a sale or other alienation by the trustee would be in contravention of the trust. The will does not purport to create an express trust in the land for the purpose of enabling him to receive these rents, but merely directs that he shall receive them. There is no direction to pay or apply to the use of any person the rents which he shall receive, or to accumulate them for any purpose. Whether this provision be construed as a legacy to him of these rents, or as a direction that he shall merely "receive" and account for them to the estate of the testatrix, is immaterial. If he be regarded as a trustee of the rents thus to be received by him, it cannot affect the validity of the will.

The validity of the bequests for the Toland vault and for the pew in Grace Church is not involved in this litigation. Their validity or invalidity does not affect the will, if it is otherwise valid.

In addition to the above answer the defendants by a separate

answer denied that the plaintiff had any interest in the land, and upon motion of the plaintiff this answer was struck out on the ground that it was sham.   Under the foregoing considerations of the character of the will the court erred in this ruling.

The judgment is reversed.

Van Fleet, J., and Garoutte, J., concurred.