[Civ. No. 9327. Second Appellate District, Division Two.—November 7, 1933.]

In the Matter of the Estate of CARRIE J. NORRISH, Deceased. EDNAH RANAGAN, Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Respondent.

C. Roy Smith for Appellant.

Spaulding & Driscoll and Edwin U. Driscoll for Respondent.

ARCHBALD, J., *pro tem.*—The testatrix, Carrie J. Norrish, a resident of Long Beach, died on or about May 25, 1932, leaving a witnessed will dated November 9, 1925, which gave to the children of her deceased brother, Alfred B. Coe, all the residue and remainder of her estate after payment of funeral expenses and debts, and also a codicil thereto, executed April 27, 1931, entirely in her own handwriting and on three separate sheets of paper. In addition to a bequest of certain personal belongings to decedent's friend, Mrs. Elizabeth Knowles, the codicil contained the following provision: "To my kind friend Mrs. Ranagan I want given any thing I have bought while in the house & any of my clothing & she wishes & personal property." The will and codicil were admitted to probate June 27, 1932, and letters testamentary were issued the same day to Bank of America National Trust & Savings Association, named in the will as executor. On November 13, 1932, Algernon S. Coe, alleging himself to be a beneficiary under said last will and testament, filed a petition for an interpretation of that part of the codicil making a bequest to Mrs. Ranagan, alleging that such bequest was vague and uncertain as to what such bequest and the personal property mentioned consisted of, and that a controversy had arisen as to the proper interpretation thereof. On December 15, 1932, judgment was rendered by the superior court construing said bequest to read as follows: "There is bequeathed to Mrs. Ednah Ranagan such articles of clothing and household effects as said Ednah Ranagan desires, other than articles therein specifically bequeathed to other parties." Deeming herself aggrieved by such judgment, Ednah Ranagan has appealed therefrom.

■ Appellant contends (1) that the words "personal property" have a well-defined meaning and cannot be restricted to articles of clothing and household effects, and apparently that they are intended to cover all property in the estate that could be designated "personal property"; (2) that if there is any ambiguity the court can only determine the true intention of the testatrix after taking evidence concerning the making of such codicil.

It would seem from the record before us that the petitioner Algernon S. Coe is one of the children of decedent's deceased brother, Alfred B. Coe, and entitled to share in the residue of the estate as provided in the original will. It also appears that the entire estate is personal property, of the estimated value of $5,908.60, producing a probable annual income of $236.35. If, therefore, appellant's contention is correct as to the construction to be placed on the words "personal property", there would be no rest, residue or remainder in which Coe could share, and it would seem to be a proper case in which a declaration of his rights under the will, and a construction of the clause of the codicil affecting such rights, may be made under section 1060 of the Code of Civil Procedure.

(1) In our opinion no such construction as claimed can be gathered from a reading of the codicil. If such is the correct construction to be given, the bequest to Mrs. Knowles in the same writing could have no effect, as such bequest consists entirely of personal property. The children of the deceased brother mentioned in the will would take nothing, as we have said, and the effect of such bequest would be a revocation of the bequest in the original will. No words of express revocation exist in the bequest to appellant in the codicil. ■ "It is a rule of construction that dispositions by a will are not to be disturbed by a codicil further than is absolutely necessary in order to give that codicil effect, and a clear disposition made by will is not revoked by a doubtful expression or inconsistent disposition in the codicil." (*Estate of Dominici*, 151 Cal. 181, 189 [90 Pac. 448, 452].) The words of a will are to receive an interpretation which will give some effect to every expression rather than one which will render any of the expressions inoperative (sec. 102, Probate Code). All the parts of a will are to be construed in relation to each other, and

so as, if possible, to form one consistent whole (sec. 103, Probate Code). ▮ Where a construction is claimed which would exclude natural heirs in favor of a stranger, and there is any doubt in the intention of the testator, it is "the well settled rule that where the law is capable of two interpretations the one should be adopted which prefers those of the blood of the testator to strangers". (*In re Edie,* 117 App. Div. 310 [102 N. Y. Supp. 424, 426].)

With such rules of interpretation in mind we fail to see how any other construction than that announced by the trial court could be suggested. The record shows that the testatrix was 79 years of age at the time the will was executed and about 85 at the time of the execution of the codicil. The language used shows that the codicil was written by an aged person. Taking the two instruments together, there would seem to be no doubt but that it was the intention of the executrix to limit the meaning of "personal property", as used in the bequest to Mrs. Ranagan, to any personal property of the character specifically mentioned that she might desire.

▮ (2) There seems to be no room for evidence, in view of the fact that the intention of the testatrix can be arrived at so readily from a reading of the instruments themselves.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.