[Civ. No. 2081.    Fourth Appellate District.—August 10, 1938.]

In the Matter of the Estate of JOSEPH C. MALLON, Deceased. MARY A. MALLON, Appellant, v. MARY KNOLL MISSIONARY SOCIETY et al., Respondents.

Gray, Cary, Ames & Driscoll for Appellant.

Marcus L. Roberts for Respondents.

BARNARD, P. J.—This is an appeal from an order construing a will and directing the disposition of the property of the estate.

The deceased left a holographic will reading as follows:

"835 B Ave.,
"Coronado, California
"June 8th, 1934

"Being of sound and disposing mind, I hereby make, execute and sign, all in my own handwriting, my last will and testament. I give and bequeath to my sister, Mary A. Mallon, residing at this date at 835 B Ave., Coronado, California, all my real and personal property in trust, during her life and I select the Bank of America, Corporation of California, to act as her trustee. To this corporation I give right and authority to sell my real estate, to provide thereby for her sounder and safer income. Mrs. Mary L. Barrett, 835 B Ave., Coronado, California, will be cared and provided for by my sister, during her (my sister's life). At the death of Mary A. Mallon, my sister, I give and bequeath to Mary L. Barrett, if living, one fourth of the estate. To Mrs. Margaret Mallon Leahy, 33 Water Street, Stonington, Connecticut, I give and bequeath one fourth of the estate. I give and bequeath to Joseph C. Mallon, 2900 M Street, N. W., Washington, D. C., one fourth of the estate.

"To St. Mary's Seminary President and Faculty, Roland Park Ave., Baltimore, Md., I give and bequeath one-eighth of the estate. To The Sisters of Bon Secours, Yuma St., Washington, D. C., I give and bequeath the remaining eighth of the estate.

"I hereby appoint my sister, Mary A. Mallon, 835 B Ave., Coronado, Calif., executrix of my will, to act without bonds.

"Witness my hand and seal this the 8th day of June, 1934.
"(s) JOSEPH C. MALLON."

He left another instrument entirely in his own handwriting, which reads:

"835 B Ave.,
"Coronado, Calif.
"July 1, 1936

"The following is a statement of all the personal and real property that I own. (Here follows a list of personal and real property.)

"I, Joseph C. Mallon, on this date, July 1st, 1936, hereby will and bequeath all of above property to my sister, Mary A. Mallon, who will care for Mary L. Barrett until death shall separate them. To the survivor shall be given one half of the amount of money realized from the sale of all real property. One fourth of that amount shall be given to my niece, Mrs. James Leahy, 35 Water St., Stonington, Connecticut, and one-fourth to the Mary Knoll Missionary Society, whose headquarters are in New York State.

"Signed by myself,

"JOSEPH C. MALLON."

Both instruments were admitted to probate and the Bank of America National Trust and Savings Association was appointed administrator with the will annexed. In due course the administrator filed a petition asking the court to construe the will and determine to whom the property of the estate should be distributed. After a hearing the court held that the two instruments are to be construed together as one will and to be so interpreted as to "give to every expression therein some effect". It was then ordered that the entire estate be distributed to the bank as trustee; that the trustee should sell all of the real estate and invest the proceeds; that the net income from the trust estate should be paid to "Mary A. Mallon, out of which the said Mary A. Mallon will care and provide for Mrs. Mary L. Barrett"; that in the event Mary L. Barrett shall predecease Mary A. Mallon the trustee shall pay to Mary A. Mallon a sum equal to one-half of the proceeds of the sale of all of the real property; and that upon the death of Mary A. Mallon the trust is to terminate and the trust estate is to be distributed, in certain proportions, to the devisees named in both instruments.

From this order Mary A. Mallon has taken this appeal. It is her contention that the instrument dated July 1, 1936, is the last will of the deceased and that it had the effect of revoking the earlier will. The respondent contends that under settled rules for the interpretation of wills we are to look to the general scheme or plan which the testator must have had in mind, that we must look to the whole of each instrument and give effect to every word contained therein, and that "in determining inconsistencies from the four corners of each will" it clearly appears that the 1936 instru-

ment continued the trust arrangement set up in the 1934 will and simply modified a part of that trust provision by making a different final distribution of the money realized from the sale of real property.

While the intent and purpose of a document is usually to be determined from a consideration of the entire instrument and while effect is to be given to each part thereof if possible, no effect can be given to any portion of the earlier of these instruments unless it remains as a part of the last will of the deceased. The question presented is whether or not the 1936 instrument had the effect of revoking the earlier will.

A prior will is revoked by a subsequent will if the provisions of the latter are wholly inconsistent with the terms of the former. (Sec. 72, Probate Code.) Aside from any other inconsistency, if a testator intends to and does, in a later will, make a complete disposition of his property in a different manner than that provided in an earlier will, the second will constitutes a complete revocation of the first. (*Estate of Siemers*, 202 Cal. 424 [261 Pac. 298].) The intention of the testator is to be ascertained from the words of his will, and the circumstances under which it was made may be considered only if there is an uncertainty in the language. (Probate Code, sec. 105; *Estate of Mitchell*, 160 Cal. 618 [117 Pac. 774].)

The instrument dated July 1, 1936, is sufficient in itself to constitute a will and purports to dispose of all of the property owned by the testator. No reference is made to the provision of the previous will, which left all of his property in trust during the lifetime of his sister. Both wills were written by the decedent and the fact that the earlier will left the entire estate in trust while the later one contains no express trust provisions indicates not only a knowledge of the purpose of such trusts but an intention to make a different disposition of his estate. (*Estate of Mitchell, supra.*) There is no uncertainty in the language used in this respect, and no reference is made to the trust provisions of the former will. If any trust arises from the provisions following the words of gift to the sister, it is a different trust than that set up in the first will, with a different trustee and different terms, and with a considerable

change in beneficiaries. Any possible trust, under the later will, would arise by operation of law and not by express provision of the testator.

Whatever its legal effect and whatever estate was thereby given to the sister, the later will purports to give all of the property, which was by the former will placed in trust with the bank, to the sister, followed by provisions which may or may not limit or change her estate or title as to a part of the property. Not only does the second will dispose of the entire estate, which the first will did not do if Mrs. Barrett predeceased the sister, but the complete change from the trust provisions of the earlier will makes the terms of the second will entirely inconsistent with those of the prior will. Under these facts it must be held that the will of July 1, 1936, amounted to and was a complete revocation of the will of June 8, 1934.

The appellant asks us to direct the entry of a decree construing the second will as devising and bequeathing the entire estate to her absolutely. Not only is the question of the precise construction that should be given to this will not now before us, but for obvious reasons that matter has not been adequately presented either in the trial court or on this appeal. Nothing said herein is to be taken as the expression of an opinion on that subject.

For the reasons given the order appealed from is reversed.

Marks, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 7, 1938.