[Civ. No. 10991.   First Appellate District, Division One.—April 18, 1939.]

In the Matter of the Estate of FRANK DUNN, Deceased. STELLA V. DUNN et al., Respondents, v. FRANK R. BOYSEN, Administrator, etc., et al., Appellants.

A. G. Bailey for Appellants.

Howard H. Desky and Norris J. Burke for Respondents.

WARD, J.—The question upon which this appeal may be determined is whether an instrument admitted to probate as a codicil to a holographic will does in fact revoke certain legacies mentioned in the original will.

Frank Dunn, sometimes referred to as Frank M. Dunn, deceased, left a will directing that payment of certain sums of money in designated banks should be "apportioned" to two sisters and a nephew in the amounts of $2,000, $500 and $100 respectively, with a further direction that "all cash remaining after these bequests have been distributed and expenses paid, I leave to my wife Violet L. Dunn". A specified sum of money and clothing was bequeathed to his brother, but these items were scratched out. The intention of the testator when he signed the holographic will was to apportion specific items of his estate to the individuals named. The codicil, dated approximately three years later, is in part as

follows: "In case of accident or death all stock owned by me is hereby given to my wife Violet L. Dunn." Thereafter shares of stock in certain named corporations are listed, and under the caption "Money on Deposit", the names of three banks appear. In two instances, opposite, and in connection with the number of shares, is written the word "sold", and in one instance the words "in box". One of the items of stock and the names of two of the banks appear with lines drawn therethrough. The instrument is signed twice "Frank M. Dunn". The appellants filed a petition for distribution praying that the money in the banks named in the will and codicil, be distributed to the petitioner Violet L. Arthur, formerly Violet L. Dunn, under the provisions of the codicil. Opposition was filed by the sisters and the guardian of the nephew, praying that the legacies designated in the will should be paid to them. The petition of Violet L. Arthur was denied. The amounts of money on deposit in the banks did not equal the sums set forth in the will and respective proportions thereof were decreed to the three named legatee sisters and nephew. From this decree and order, Frank R. Boysen and Violet L. Arthur, administrator and administratrix, respectively, appeal.

The terms of a will may not be disturbed by language in a codicil unless such language evinces a limitation or change in words as definite in expression as the terms of the will. (Probate Code, sec. 104; *Estate of Farelly*, 214 Cal. 199 [4 Pac. (2d) 948].) Part of this codicil is a mere itemization of the testator's property, which he evidently changed by obliteration of provisions which were no longer, or only partly, operative because of the loss or sale of stock or the decrease of the amounts on deposit in the banks. That part of the second document was intended as an inventory is made certain by notations written on the same page, under the signature, indicating sales of stock two and three years subsequent to the date of the codicil. Obliterations appear in the will and the codicil evidencing a change in legatees or in amounts of cash or stock, but none appear in connection with the names or the amounts designated to the two sisters or nephew. The 1930 instrument is not a revocation of the bequests to the sisters and nephew unless the words "in case of accident", etc., can be interpreted to indicate a clear and unequivocal intent to revoke such legacies. The words in dispute between appellants and

respondents refer to stock and do not mention money. Words which merely raise a doubt must be resolved in favor of the first instrument. (*Estate of Marti,* 132 Cal. 666 [61 Pac. 964, 64 Pac. 1071].)

The order admitting the will and the codicil to probate was final and is conclusive as to the status of the latter as a codicil to the will (*Estate of Parsons,* 196 Cal. 294 [237 Pac. 744]), but its construction, interpretation and effect in changing or limiting the terms of the original will were appropriate matters for consideration and determination upon the petition for distribution. (Probate Code, secs. 1020, 1021.) In *Estate of Pforr,* 144 Cal. 121, 125 [77 Pac. 825], the court said: "An instrument testamentary in character and issued in the form required for a will cannot be denied probate upon the ground that some of its provisions are invalid or contrary to the provisions of law. The probate of the instrument merely determines the validity of its execution. The sufficiency or invalidity of its provisions will be determined when effect is sought to be given to them. The statute makes no provision by which a portion of such an instrument can be admitted to probate and probate denied to the remainder. (*Estate of Cobb,* 49 Cal. 599; *Estate of Murphy,* 104 Cal. 554 [38 Pac. 543] ; *Toland* v. *Toland,* 123 Cal. 140 [55 Pac. 681].)" The two documents read together show that the intention of the testator was that respondents should take the legacies enumerated in the 1927 instrument.

In view of the conclusion herein, it is not necessary to discuss other questions presented in the respondents' brief.

The decree and order are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1939.