[Civ. No. 15444.   Second Dist., Div. Two.   Nov. 13, 1946.]

Estate of JACOB KAHAN, Deceased.   FARMERS & MERCHANTS NATIONAL BANK OF LOS ANGELES, Petioner and Respondent, v. JEWISH NATIONAL FUND, INC., Appellant; COLMAN KAHAN et al., Contestants and Respondents.

Gustave L. Goldstein and Hanna & Morton for Appellant.

Louis Thomsen for Respondent Kahan.

McCOMB, J.—Jacob Kahan died on October 30, 1942, leaving a will dated January 31, 1936, and a codicil thereto dated August 24, 1942. The probate court held that since decedent did not survive more than six months after the execution of the codicil to his will and left one or more brothers as heirs only one third of the distributable estate could go to charity. From this holding appellant, a charitable legatee, appeals.

Decedent by his will dated January 31, 1936, left the residue of his estate to ". . . the Farmers and Merchants National Bank, in trust, nevertheless, for the following uses and purposes:

"(a) To pay the net income therefrom in semi-annual installments to my brother, Mowshe Kiwowitz Kahanowitz, who now resides at Priluky, Poltaver Guberna Ukrania, Russia.

"(b) Upon the decease of my brother, Mowshe Kiwowitz Kahanowitz, the net income from the trust fund shall be paid in semi-annual installments to his wife during her natural life.

"(c) Upon the death of my brother above-named, Mowshe Kiwowitz Kahanowitz, and his wife, the trust shall terminate, and the trustee, the Farmers and Merchants National Bank of Los Angeles, California, shall pay over and turn over the trust fund remaining in its hands, as trustee, to the Jewish National Fund, to be used for the Jewish Chalutzim in Palestine in their work.

"(d) The Trustee shall hold and manage the property as a trust fund according to the way permitted by law."

Subsequently on August 24, 1942, he executed a codicil to his will reading thus:

"I, Jacob Kahan, do hereby make, publish and declare this Codicil to my last Will and Testament dated January 31, 1936, as follows:

"Article II of my said Will is hereby amended by adding thereto the following clause: His (my said brother, Calmen Cohen's) two eldest sons, if they shall have served in the

armed forces of the Allied Nations in the present war, are to receive $500.00 each.

"Article VI, of my said Will and particularly as to subdivision 'C' thereof is hereby amended by adding thereto the following: In the event that neither my said brother, or his wife, are alive, or cannot be located within one year after this war, and furthermore, in the event Palestine met with misfortune through the present Nazi War campaign against it and has thus been ruined as a Jewish Settlement or Homeland, then all such proceeds of the within legacy are to go to the Bnai Brith of Los Angeles, California.

"All other provisions of my said Will are to remain in full force and effect."

This is the sole question necessary for us to determine: *Did the codicil to decedent's will modify his previous will so as to cause a revocation of the testamentary clause in question and effect a republication of the will?*

This question must be answered in the negative and is governed by this statement of our Supreme Court in *Estate of Kaufman,* 25 Cal.2d 854, 860 [155 P.2d 831]:

"When a testator repeats the same dispositive plan in a new will, revocation of the old one by the new is deemed inseparably related to and dependent upon the legal effectiveness of the new. (Citing cases.) If the new will fails to give effect to the twice declared purpose of the testator, its revocatory clause falls, for a testator who repeats his purpose intends to confirm and not revoke it, and does not intend to have the new will operate as a revocation independently of its operation as a will."

It is clear that decedent in the execution of the codicil to his will did not intend to revoke the previous charitable disposition made by his will of January 31, 1936, but did intend to confirm it; therefore under the rule announced by the Supreme Court in *Estate of Kaufman, supra,* the codicil did not constitute a revocation of the will and a republication thereof. Hence the charitable bequest was made more than six months before the death of the testator and the trial court erred in holding that the bequest should be reduced to one third of the net distributable estate.

For the foregoing reasons the order is reversed with directions to the trial court to make an order conforming with the views above expressed.

Moore, P. J., and Wilson, J., concurred.